UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**MARCUS J. LAWRENCE**                                                                              **PLAINTIFF**

v.                                                                            **CIVIL ACTION NO. 1:15-CV-P12-GNS**

**THOMAS B. RUSSELL et al.**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Marcus J. Lawrence, initiated this action.  However, he neither paid the filing fee nor tendered an application to proceed without prepayment of fees.  Accordingly, the Court ordered that within 30 days Plaintiff either pay the filing fee or file a completed application to proceed without prepayment of fees.  That Order warned Plaintiff that his failure to comply within the allotted time would result in dismissal of his case.

Plaintiff failed to either pay the filing fee or submit an application to proceed without prepayment of fees as directed by the Court within 30 days.  He has now, however, filed a document entitled "Objection & Order Overruling Defendant Greg N. Stivers Fraudulent Order for Payment his Criminal Ass Entered & Filed on 3/25/2015."

First, the undersigned is not in fact a defendant in this action as the initiating document did not name him as such.  To the extent that Plaintiff moves to recuse and to add the undersigned as a defendant to this action, under 28 U.S.C. § 455(b)(5)(i), a judge shall disqualify himself if he is a party to the proceeding.  However, a judge may refuse to disqualify himself when a party seeks to add him as a party to a pending proceeding.  *See United States v. Walls*, No. 92-CR-80236-DT, 2006 WL 1284556, at *2 n.2 (E.D. Mich. May 9, 2006).  "A judge who is named as a defendant in a plaintiff's amended complaint is not required to disqualify himself or herself under 28 U.S.C. § 455(b)(5)(i) unless there is a legitimate basis for suing the judge."  32 Am. Jur. 2d Federal Courts § 95; *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill.

1988) (judge refused to disqualify himself under § 455(b)(5)(i) where he was named as a party in second amended complaint after he dismissed original complaint). "For a judge to be disqualified simply because the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping." 32 Am. Jur. 2d Federal Courts § 95; *Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited Children*, No. 03-120, 2005 WL 736526, at *2 (D.D.C. Mar. 31, 2005) ("Because plaintiffs' motion and amended complaint are merely a transparent attempt at judge-shopping and forum-shopping, the motion to disqualify will be denied and the amended complaint will be stricken in its entirety."). This Court has twice already explained to Plaintiff in two other cases before this Court that he cannot simply make meritless allegations against the sitting judge in the hopes of disqualifying that judge. *See Lawrence v. Strode*, Civil Action No. 1:14-CV-P79-TBR, DN 17; s*ee also Lawrence v. Thompson*, Civil Action No. 3:14-CV-P919-DJH, DN 18.[1]

Second, it is patently frivolous for a party to file an "Order Overruling" the judge. The Court enters orders in a case; the parties do not.

Third, it is frivolous for Plaintiff to object to paying the filing fee in this case. Plaintiff is well aware of the necessity of paying the filing fee as this Court has already explained the requirement to do so in another case. *See Lawrence v. Strode*, 1:14CV-P79-TBR, DN 13 (Memo & Order entered Aug. 21, 2014). As the Court explained in that case, the assessment of the filing fee in a prisoner-filed action is governed by 28 U.S.C. § 1915(b) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

---

[1] As the Court previously did in another of Plaintiff's cases, *see Lawrence v. Thompson*, Civil Action No. 3:14-CV-P919-DJH (DN 18), this Court observes that Plaintiff has engaged in a pattern of making meritless allegations against judges of this Court.

Section 1915(b)(2) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Plaintiff cannot seek a "waiver" of the filing fee and must pay the filing fee in accordance with § 1915(b). Under *McGore v. Wrigglesworth*, 114 F.3d at 605, Plaintiff's obligation to pay the filing fee attached at the time he filed his complaint.

      Plaintiff has willfully refused to comply with an Order of this Court which warned him that his failure to comply within the allotted time would result in dismissal of his case. Dismissal of this action is appropriate. *See, e.g., Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) ("A district court has discretion to dismiss under Rule 41(b) if a party has engaged in contumacious conduct or has actual 'notice that dismissal is contemplated.'" (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Therefore, by separate Order, the Court will dismiss the instant action. *See* Fed. R. Civ. P. 41(b) (governing involuntary dismissal).

Date:   May 7, 2015

Greg N. Stivers, Judge
United States District Court

cc:    Plaintiff, *pro se*
4416.009